UNITED STATES of America

v.

**Mario BIAGGI, Stanley Simon, Peter Neglia, John Mariotta, Bernard Ehrlich & Richard Biaggi.**

SSSS 87 Cr. 265 (CBM).

United States District Court,
S.D. New York.

Nov. 18, 1988.

Rudolph W. Giuliani, U.S. Atty., New York City by Edward J.M. Little, Asst. U.S. Atty., for U.S.

LaRossa, Mitchell & Ross, New York City by Karen Silverman, for defendant Mario Biaggi.

Kramer, Levin, Nessen, Kamin & Frankel, New York City by Maurice N. Nesson, David Z. Seide, for defendant Stanley Simon.

Kevin P. McGovern, Brooklyn, N.Y., for defendant Peter Neglia.

Skadden, Arps, Slate, Meagher & Flom, New York City by Jeffrey Glekel, Robert J. Spangoletti, for defendant John Mariotta.

Dominick F. Amorosa, New York City, for defendant Richard Biaggi.

## OPINION

MOTLEY, District Judge.

This opinion deals with the post-trial motions made by defendants Peter Neglia, Stanley Simon, Richard Biaggi, and John

Mariotta. Defendants Bernard Ehrlich and Mario Biaggi elected not to file any post-trial motions, although Mario Biaggi formally joined Richard Biaggi's *Batson* motion at the time of the *Batson* hearing.

## A. *Peter Neglia*

1. Motion for Judgment of Acquittal on All Counts Pursuant to Fed.R.Crim. P. 29

For the reasons stated in this Court's opinion of June 27, 1988, defendant's motion is denied. *See United States v. Biaggi,* 705 F.Supp. at 810–14.

2. Motion to Set Aside Jury Verdict on Count 1 (Substantive RICO) Because Obstruction of Justice Cannot Be Charged As a Predicate Act

For the reasons stated in this Court's opinion of June 27, 1988, defendant's motion is denied. *Id.* at 829.

3. Motion for Judgment of Acquittal Pursuant to Fed.R.Crim.Pro. 29 on Count 28 (Bribery) Because There Was No Evidence of a Quid Pro Quo

For the reasons stated in this Court's opinion of June 27, 1988, defendant's motion is denied. *Id.* at 814.

4. Motion to Set Aside Jury Verdict on Count 1 (Substantive RICO) as Inconsistent with Jury's Findings on Count 2 (RICO Conspiracy)

■ Neglia moves to set aside his conviction on the substantive RICO charge (Count 1) because the jury found proven a predicate act supporting that conviction—obstruction of justice (predicate act 17)—but failed to find proven that same predicate act in support of the RICO conspiracy charge (Count 2). Such "inconsistency", defendant argues, requires that the conviction on Count 1 be overturned.

We need not speculate on whether the jury's verdicts were, in fact, inconsistent, since even if they were it would not require this Court to set aside Neglia's conviction on Count 1. "[A]cquittal on one count

'does not preclude the jury from reliance on facts relevant to that count in assessing the sufficiency of the evidence for conviction on a different count.'" *United States v. Citron,* 783 F.2d 307, 318 (2d Cir.1986), *quoting United States v. Elsbery,* 602 F.2d 1054, 1057 (2d Cir.1979), *cert. denied* 444 U.S. 994, 100 S.Ct. 529, 62 L.Ed.2d 425 (1979). Moreover, "[i]t is well settled that even plainly inconsistent jury verdicts, simultaneously rendered are the jury's prerogative." *United States v. Zane,* 495 F.2d 683, 690 (2d Cir.1974), *cert. denied* 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974); *accord United States v. Ford,* 603 F.2d 1043, 1047 (2d Cir.1979); *See also Citron, supra* at 318.

Accordingly, Neglia's motion to set aside Count 1 due to alleged inconsistencies in the jury's verdict is denied.

## B. *Stanley Simon*

1. Motion For Judgment of Acquittal on All Counts Pursuant to Fed R.Crim. Pro. 29

For the reasons stated in this Court's opinion of June 27, 1988, defendant's motion is denied. *See United States v. Biaggi,* at 805–10.

2. Motion for a New Trial Based on Newly Discovered Evidence Relating to Sabino Fogliano Pursuant to Fed. R.Crim.Pro. 33

■ Simon moves for a new trial based on new evidence related to government witness Sabino Fogliano. The substance of this claim is that Fogliano's tax evasion was greater than he admitted on both direct and cross examination. Simon argues that had the jury known of the full extent of Fogliano's tax evasion they would have discounted Fogliano's testimony as it related to Simon and therefore acquitted Simon of all counts. At minimum, Simon argues that an evidentiary hearing should be held to determine whether the government knew of the extent of Fogliano's tax evasion and withheld this information from the defense or whether they should have known.

In order to win a new trial based on newly discovered evidence the defendant must show that the new evidence would probably lead to an acquittal. *United States v. Gilbert,* 668 F.2d 94 (2d Cir.1981). However, where the government uses perjured testimony in obtaining a conviction and knew or should have known of the perjury, the defendant will be entitled to a new trial "if there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Petrillo,* 821 F.2d 85 (2d Cir. 1987).

We need not determine which standard should apply to this case because under either test Simon's claim must fail. The fact that Fogliano was a tax evader was disclosed by the government to the defense in a letter of February 23, 1988. At trial, Fogliano's tax evasion and the ongoing state investigation into those charges was brought to the attention of the jury in direct examination. (Tr. 10,352–53) The tax evasion issue was also probed by defense counsel on cross-examination. As a result of his testimony, the jury knew Fogliano was being investigated for tax evasion, that he was indeed a tax evader, and that his tax evasion involved a substantial amount of money. It is disingenuous to suggest that had the jury known Fogliano was a bigger tax evader than he was made out to be they would have acquitted Simon of the charges against him. Such evidence, had it been adduced at trial, would have been merely " '*additional* evidence tending *further* to impeach the credibility of a witness whose character had already been shown to be questionable;' it could hardly have transformed the jury's image of [the government's witness] from paragon to knave." *Gilbert* at 96 (quoting *United States v. Rosner,* 516 F.2d 269, 273–74 (2d Cir.1975), *cert. denied,* 427 U.S. 911, 96 S.Ct. 3198, 49 L.Ed.2d 1203 (1976) (emphasis in original)). This court holds that the new information concerning the extent of Fogliano's tax evasion would have neither resulted in an acquittal nor have been reasonably likely to affect the jury's judgment. For these reasons, Simon's motion for a new trial is denied.

We also decline to hold an evidentiary hearing on whether the government knew or should have known about the extent of Fogliano's tax evasion. The defense claim of government misconduct in this instance strikes this court as unsupported speculation lacking any firm evidence to corroborate the charges. This mere allegation of government misconduct is wholly insufficient to require us to hold an evidentiary hearing and we decline to do so. *See Gilbert* at 96–97.

### C.  Richard Biaggi

1. Motion for a New Trial Based on Denial of Severance Motion Pursuant to Fed.R.Crim.Pro. 33

For the reasons stated in the government's memorandum defendant's motion is denied. *See* Government's Memorandum in Response to Defendants' Post–Trial Motions at 31–35.

2. Motion for a New Trial Because Defendant's Counsel Was Prevented from Questioning Government Witness Irwin Wolfe on His Representation of Other Political Figures Pursuant to Fed.R.Crm.Pro. 33.

For the reasons stated in the government's memorandum defendant's motion is denied. *See* Government's Memorandum in Response to Defendants' Post–Trial Motions at 35–36.

3. Motion for Judgment of Acquittal on All Counts Pursuant to Fed.R.Crim. Pro. 29

For the reasons stated in this Court's opinion of June 27, 1988, defendant's motion is denied. *See United States v. Biaggi,* at 826–28.

### D.  John Mariotta

1. Motion For Judgment of Acquittal on Count 31 (Mail Fraud) Pursuant to Fed.R.Crim.Pro. 29

For the reasons stated in the government's memorandum defendant's motion is denied. *See* Government's Memorandum in

Response to Defendants' Post–Trial Motions at 25–31.

### E. *John Mariotta and Richard Biaggi*

1. Motion For a Kastigar Hearing To Determine Extent of Government's Use of Immunized Testimony at Trial

■ In its Amended Scheduling Order of December 23, 1987, the Court determined that it would postpone the *Kastigar* hearing until after trial. However, the trial itself has obviated the need for such a hearing. The Court's reading of the New York County grand jury transcripts and evidence adduced at trial reveal that the government's case against the defendants was obtained from sources wholly independent of either Mariotta's or Richard Biaggi's grand jury testimony. One source of the government's information—the cooperating Wedtech witnesses—stated that they cooperated with the government because of the federal prosecutors' discovery of the FHJ Associates checking account, not because of any immunized testimony provided by any defendant. In accordance with the above reasons, defendants' motion for a *Kastigar* hearing is denied.

### F. *John Mariotta, Mario Biaggi & Richard Biaggi*

1. Motion for a New Trial Based on Government's Discriminatory Use of Peremptory Challenges Pursuant to Fed.R.Crim.Pro. 33 (Batson Motion)

The Court reserves judgment on this motion and will issue its ruling shortly in a separate opinion.